No. 18-15241
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

RAMON DY,

*Plaintiff-Appellant*,

v.

BORU NALE, ET AL.

*Defendants-Appellees*.

On Appeal from the United States District Court
for the District of Arizona
No. 2:12-cv-02154-MCE-KJN
Hon. Roslyn Silver

**APPELLANT'S REPLY BRIEF**

Carter C. White, State Bar No. 164159
Anujan Jeevaprakash, Certified Law Student
U.C. Davis Civil Rights Clinic
One Shields Avenue, Bldg. TB-30
Davis, California 95616
ccwhite@ucdavis.edu

*Attorneys for Plaintiff-Appellant
Ramon Dy*

## TABLE OF CONTENTS

                                                                                                               **Page**

TABLE OF AUTHORITIES ................................................................... ii

ARGUMENT .............................................................................. 1

    I.    THE PLAIN LANGUAGE OF THE INTERSTATE CORRECTIONS COMPACT (ICC) ENTITLES PLAINTIFF TO STATUTORY TOLLING UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 352.1 ............................................................. 1

    II.    PLAINTIFF DID NOT WAIVE HIS ARGUMENTS REGARDING CALIFORNIA'S TOLLING PROVISIONS BY RAISING THEM FOR THE FIRST TIME ON APPEAL ................................ 5

    III.    PLAINTIFF BRINGS AN EIGHTH AMENDMENT MEDICAL CARE CLAIM NOT AN INDEPENDENT §1983 CLAIM UNDER THE ICC .......................................................................... 7

CONCLUSION ............................................................................ 7

CERTIFICATE OF COMPLIANCE ..................................................... 9

CERTIFICATE OF SERVICE .............................................................. 10

# TABLE OF AUTHORITIES

                                                                                                      **Page**

Cases

Brooks v. Mercy Hospital, 1 Cal. App. 5th 1(2016) ..................................... 3

Caminetti v. United States, 242 U.S. 470 (1917) ......................................... 1

Carson Harbor Village, Ltd. v. Unocal Corp.,
270 F.3d 863 (9th Cir. 2001) (en banc) ....................................................... 1

Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,
321 F.3d 878 (9th Cir. 2007) ....................................................................... 5

El Paso v. America West Airlines, Inc., 217 F.3d 1161 (9th Cir. 2000) ........ 6

Ghana v. Pearce, 159 F.3d 1206 (9th Cir. 1998) .......................................... 7

Grasso v. McDonough Power Equipment, Inc.,
264 Cal. App. 2d 597 (1968) ....................................................................... 3

Guerrero v. Gates, 442 F.3d 697 (9th Cir. 2006) .......................................... 3

Hardin v. Straub, 490 U.S. 536 (1989) ......................................................... 2

Hillis v Heineman, 626 F.3d 1014 (9th Cir. 2009) ....................................... 5

Johnson v. California, 207 F.3d 650 (9th Cir. 2000) .................................... 3

King v. Alaska S.S. Co., 431 F.2d 994 (9th Cir. 1970) ................................. 3

Martinez v. Gomez, 137 F.3d 1124 (9th Cir. 1998) ...................................... 3

Mendez v. Ishikawajima-Harima Heavy Industries Co., Ltd.,
52 F.3d 799 (9th Cir. 1995) ......................................................................... 3

United States v. One Sentinel Arms Striker-12 Shotgun,
416 F.3d 977 (9th Cir. 2005) ....................................................................... 1

United States v. LeCoe, 936 F.2d 398 (9th Cir. 1991) .................................... 1

Statues, Rules, and Other Authorities

11 U.S.C. § 545 ............................................................................................... 6

Cal. Code Civil Procedure 352.1 (a) ............................................................... 2

Cal. Penal Code § 11189, Article I ................................................................. 3

Black's Law Dictionary (10th Ed.) .................................................................. 3

# ARGUMENT

I. **THE PLAIN LANGUAGE OF THE INTERSTATE CORRECTIONS COMPACT (ICC) ENTITLES PLAINTIFF TO STATUTORY TOLLING UNDER CALIFORNIA CIVIL PROCEDURE § 352.1**

Defendants fail to show why the plain language of the ICC does not entitle plaintiff to statutory tolling under Cal. Code Civ. Proc. § 352.1. "In determining the scope of a statute, a court must look first to the statute's language and structure. If the statute's language is unambiguous, its plain language controls except in rare and exceptional circumstances." *United States v. One Sentinel Arms Striker-12 Shotgun*, 416 F.3d 977, 979 (9th Cir. 2005) (quoting *United States v. LeCoe*, 936 F.2d 398, 402-03 (9th Cir. 1991)). When interpreting a statute, the Court first looks to its plain language, and will resort to legislative history where that history clearly indicates that the legislature meant something other than what it said. *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863, 877 (9th Cir. 2001) (en banc). When the statute's "language is plain and admits of no more than one meaning the duty of interpretation does not arise, and the rules which are to aid doubtful meanings need no discussion. *Unocal Corp.*, 270 F.3d at 878 (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). The district court's interpretation of a statute is a question of law which the Court reviews de novo. *Unocal Corp.*, 270 F.3d at 870.

"[F]ederal courts routinely measure the timeliness of federal civil rights suits by state law." *Hardin v. Straub*, 490 U.S. 536, 538 (1989). In that case the trial court had refused to apply a state statute that suspended limitations periods for persons under a legal disability until one year after the disability has been removed. *Id.* at 537. The United States Supreme Court granted certiorari and reversed, holding that limitations periods in § 1983 suits were to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules. *Id.* at 543 (state tolling statute was consistent with § 1983's remedial purpose by reflecting a legislative decision to extend the time in which prisoners may seek recovery for constitutional injuries).

California's statutory tolling under Section 352.1 is the appropriate state statute of limitations that should be applied to Plaintiff's claims. Section 352.1 states:

> If a person entitled to bring an action… is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

CCP 352.1 (a)

Therefore, California prisoners who have been sentenced to less than a life term are entitled to a two-year statutory tolling period under Section 352.1 when bringing a claim. *Id.* Furthermore, one of the main purposes of the ICC is to serve the best interests of offenders who are sent to other states' institutional facilities.

Cal. Penal Code § 11189, Article I. To do this, the ICC entitles offenders to the legal rights that they would have had if they were housed in one of the sending state's institutional facilities. The ICC grants this entitlement through its plain language:

> The fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state.

*Id.* at Article IV (e).

Plaintiff is a California prisoner that was transferred to an Arizona correctional facility under the ICC. Therefore, under the plain language of the ICC, Plaintiff is entitled to any legal rights that he would have had if were confined in a California prison—his sending state. A legal right is defined as a "a right created or recognized by law." Black's Law Dictionary (10th Ed.). The statutory tolling in section 352.1 is a legal right because it has been supported by courts when challenged by defendants. See *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006); *Johnson v. California*, 207 F.3d 650 (9th Cir. 2000); *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998); *Brooks v. Mercy Hospital*, 1 Cal. App. 5th 1, 6-7 (2016); *Grasso v. McDonough Power Equipment, Inc.*, 264 Cal. App. 2d 597, 601 (1968). See also *Mendez v. Ishikawajima-Harima Heavy Industries Co., Ltd.*, 52 F.3d 799, 800 (9th Cir. 1995) (quoting *King v. Alaska S.S. Co.*, 431 F.2d 994, 996 (9th Cir. 1970) ("the right to bar an action for lapse of time is a substantive

right."). It follows that if the right to bar an action for limitations is a legal right, then so is the right to bring the action within a given period of time.

Defendants mistakenly focus on the legislative history of § 352.1, when the pertinent statute is the ICC. The ICC's legislative history shows that one of its goals was to protect the legal rights of the sending state's (California's) prisoners. Article I states the core purpose of the ICC:

> The party states, desiring by common action to fully utilize and improve their institutional facilities and provide adequate programs for the confinement, treatment and rehabilitation of various types of offenders, declare that it is the policy of each of the party states to provide such facilities and programs on a basis of cooperation with one another, thereby ***serving the best interests of such offenders and of society*** *and* effecting economies in capital expenditures and operational costs. The purpose of this compact is to provide for the mutual development and execution of such programs of cooperation for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources.

Cal. Penal Code § 11189, Article I (emphasis added).

When states, including California, signed this compact, there was no indication that the state legislatures intended to deprive prisoners of the rights they would have had if they were not sent to another state under the ICC. That would go against the ICC's purpose of serving the best interests of offenders. The clarity of the ICC's plain language makes it unnecessary to look at any legislative history regarding its meaning. Therefore, the plain language of the ICC unambiguously entitles Plaintiff to the statutory tolling that he would have received if he remained in a California correctional facility.

## II. PLAINTIFF DID NOT WAIVE HIS ARGUMENTS REGARDING CALIFORNIA'S TOLLING PROVISIONS BY RAISING THEM FOR THE FIRST TIME ON APPEAL

Defendants argues Plaintiff waived his right to argue that California tolling provisions should be treated like some other "prisoner bill of rights" and that "there is no principled reason to consider statutory tolling in a different light as equitable tolling" because the arguments were raised for the first time on appeal. (AB 14). To support this claim, Defendant cites two Ninth Circuit decisions where the Court found that the plaintiff waived arguments raised for the first time on appeal. Defendants' cases are inapposite.

In *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, the Court deemed that the plaintiff waived its argument regarding an overly broad injunction because it was raised for the first time on appeal. However, the Court decided not to entertain the plaintiff's argument because "further factual development would be required to determine which, if any, of Haya's assets might not be appropriately available as equitable relief. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2007). Similarly, the Court in *Hillis v. Heineman,* citing the *Conn. Genn* Court, deemed that the plaintiff waived three arguments made for the first time on appeal because further factual development was needed. *Hillis v Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2009).

The ruling in *El Paso v. America West Airlines* indicates when a Court will allow an argument to be raised for the first time on appeal. In that case the plaintiff raised an argument regarding claiming property taxes under 11 U.S.C. § 545 for the first time. *El Paso v. America West Airlines, Inc.*, 217 F.3d 1161, 1162 (9th Cir. 2000). The Court stated, "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so. One 'exceptional circumstance' is when the issue is one of law and either does not depend on the factual record, or the record has been fully developed." *Id.* at 1165. The *El Paso* Court allowed the plaintiff's argument because it was a matter of statutory construction and the record had been fully developed. *Id.*

Plaintiff's argument is similar. It is argument of statutory construction by asking the Court to interpret how the ICC allows section 352.1's two-year statutory tolling to apply to Plaintiff. Furthermore, the record is fully developed and the Court does not need any other evidence or facts to determine the validity of Plaintiff's argument. Plaintiff has already argued why California's statutory tolling provisions should be applied to his claims, and the arguments made on appeal are simply variations of those previously raised arguments.

## III. PLAINTIFF BRINGS AN EIGHTH AMENDMENT MEDICAL CARE CLAIM NOT AN INDEPENDENT § 1983 CLAIM UNDER THE ICC

Defendants mischaracterize Plaintiff's argument by referencing *Ghana v Pearce*. In *Ghana*, the plaintiff, an inmate, sued Oregon officials claiming a violation of the ICC revolving around a deprivation of his rights that he would have had if incarcerated in New Jersey. *Ghana v. Pearce*, 159 F.3d 1206, 1207 (9th Cir. 1998). The Court held that "a violation of the ICC cannot be the basis for a section 1983 action" because "it is not federal law and does not create a constitutionally protected liberty interest" *Ibid.* at 1209. Defendant uses the *Ghana* ruling to argue that statutory tolling under section 352.1 is not a legal right.

However, Plaintiff is not characterizing the breach of the ICC, by not applying California's statutory tolling period to his complaint, as the basis of his section 1983 action. That is the distinction between *Ghana* and this case. Plaintiff's Eighth Amendment constitutional medical claim is the appropriate federal cause of action. "[T]he Compact's procedures are a purely local concern and there is no federal interest **absent some constitutional violation in the treatment of these prisoners**." *Ghana v. Pearce*, 159 F.3d at 1208 (emphasis added). The purpose of enforcing the plain language of the ICC is to protect Plaintiff's ability to bring his Eight Amendment medical claim. That is, Plaintiff wants to enforce his legal right to bring his Eighth Amendment claim under the three years provided to him under

through California's statutory tolling under section 352.1. By not applying California's statutory tolling to Plaintiff's claim under the ICC, his Eighth Amendment claim protecting a constitutional liberty interest is eliminated.

## CONCLUSION

For these reasons, and those stated in the Opening Brief, Appellant asks this Court to reverse the district court's judgment dismissing the case as barred by limitations, and to remand the matter for further proceedings in the court below.

Date:	10/05/2018

*/s/ Carter C. White*
Carter C. White
Supervising Attorney

Anujan Jeevaprakash
Certified Law Student

*Counsel for Plaintiff-Appellant
Ramon Dy*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2408 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.


Date:    10/05/2018


                                              */s/ Carter C. White*
                                              Carter C. White
                                              Supervising Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date: 10/05/2018

*/s/ Carter C. White*
Carter C. White
Supervising Attorney