No. 18-15241

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAMON DY,

*Plaintiff-Appellant,*

v.

BORU NALE, M.D. et al.,

*Defendants-Appellees.*

## On Appeal from the United States District Court
## for the District of Arizona, Case No. 2:16-cv-03924-ROS

## CORRECTED ANSWERING BRIEF

Daniel P. Struck
Kevin L. Nguyen
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
(480) 420-1600
dstruck@strucklove.com
knguyen@strucklove.com

*Attorneys for Defendants-Appellees
Nale, Spizzirri, Ivens, and Corrections
Corporation of America*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee Corrections Corporation of America (now CoreCivic) certifies that it has no parent company, and that no publicly-held corporation owns 10% or more of its stock.

# TABLE OF CONTENTS

Page

JURISDICTIONAL STATEMENT ...................................................................1

STATEMENT OF THE ISSUES ......................................................................1

STATEMENT OF THE CASE .........................................................................1

    A.    Original Complaint ............................................................................2

    B.    Order Transferring the Case for Improper Venue ..............................3

    C.    Second Amended Complaint ...............................................................3

    D.    Motion to Dismiss Second Amended Complaint ................................4

    E.    Dismissal Order .................................................................................6

SUMMARY OF THE ARGUMENT .................................................................6

ARGUMENT ..................................................................................................8

    I.    THE DISTRICT COURT CORRECTLY APPLIED ARIZONA'S STATUTE OF LIMITATIONS TO BAR DY'S CLAIMS ...........................................................................................8

        A. Standard of Review .........................................................................8

        B. Dy Had No Legal Right to Apply California's Tolling Provision to Extend Arizona's Statute of Limitations on His Claims ......................9

    II.    THE EASTERN DISTRICT OF CALIFORNIA CORRECTLY TRANSFERRED THE CASE FOR IMPROPER VENUE ...............14

        A. Standard of Review .......................................................................14

        B. Venue Was Improper in the Eastern District of California ...............15

    III.    DY WAIVED ANY CHALLENGE OF THE MAGISTRATE JUDGE'S AUTHORITY TO TRANSFER THE CASE ...................24

## Table of Contents (continued)

**Page**

CONCLUSION.................................................................................................28

CERTIFICATION OF COMPLIANCE...............................................................29

CERTIFICATE OF SERVICE............................................................................30

STATEMENT OF RELATED CASES................................................................31

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arguenta v. Banco Mexicano, S.A.*,
    87 F.3d 320 (9th Cir. 1996) .......................................................................9, 14

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
    571 U.S. 49 (2013) ................................................................................ 15, 16

*Barret v. Peters*,
    360 P.3d 638 (Or. App. 2015).......................................................................12

*Bigham v. Envirocare of Utah, Inc.*,
    123 F. Supp. 2d 1046 (S.D. Tex. 2000) ...........................................................21

*Boatwright v. Dir., Dep't of Prisons*,
    849 P.2d 274 (Nev. 1993) ...........................................................................12

*Bonin v. Calderon*,
    59 F.3d 815 (9th Cir. 1995) .........................................................................17

*Brennan v. Lermer Corp.*,
    626 F. Supp. 926 (N.D. Cal. 1986) ................................................................10

*Cantley v. Radiancy, Inc.*,
    2016 WL 4191889 n.1 (E.D. Cal. Aug. 8, 2016)...............................................27

*Capital Tracing, Inc. v. United States*,
    63 F.3d 859 (9th Cir. 1995) ...........................................................................8

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
    321 F.3d 878 (9th Cir. 2003) .......................................................................14

*Cooper v. Sumner*,
    672 F. Supp. 1361 (D. Nev. 1987)..................................................................12

*Corrinet v. Burke*,
    6:11-cv-06416-TC, 2012 WL 1952658 (D. Or. Apr. 30, 2012).........................27

*Costlow v. Weeks*,
    790 F.2d 1486 (9th Cir. 1986) ........................................................ 17, 18, 19, 24

*Daugaard v. Baldwin*,
    Civ. A. 98-612-ST, 1999 WL 778585 (D. Or. Sept. 19, 1999) .........................10

*Dorrah v. Deerbrook Ins. Co.*,
    2011 WL 13244942 (D. Or. Dec. 20, 2011) .....................................................27

*Dunn & Fenley, LLC v. Diederich*,
    06-6243-TC, 2010 WL 11595950 (D. Or. Jan. 13, 2010) .................................27

*D'Amato v. ECHL, Inc.*,
    13CV646S, 2015 WL 2151825 (W.D.N.Y. May 7, 2015)..................................25

*Encore D.E.C., LLC v. APRES1 I, LLC*,
2014 WL 12576650 n.1 (D. Or. Dec. 22, 2014)................................27

*Flam v. Flam*,
788 F.3d 1043 (9th Cir. 2015) ....................................... 24, 25

*Ghana v. Pearce*,
159 F.3d 1206 (9th Cir. 1998) .......................................13

*Hardin v. Straub*,
490 U.S. 536 (1989)..................................................10

*Haynes v. World Wrestling Ent't, Inc.*,
2015 WL 3905281 (D. Or. June 25, 2015) ..........................27

*Hillis v. Heineman*,
626 F.3d 1014 (9th Cir. 2010) .......................................14

*Hope v. Otis Elevator Co.*,
389 F. Supp. 2d 1235 (E.D. Cal. 2005) ............................15

*Horacek v. Heyns*,
CIV.A. 14-13545, 2015 WL 799540 n.1 (E.D. Mich. Feb. 25, 2015) ...............26

*Hundley v. Hobbs*,
456 S.W.3d 755 (Ark. 2015)..........................................12

*Jackson v. D.C.*,
89 F. Supp. 2d 48 (D.D.C. 2000)....................................12

*Jackson v. Fed. Bureau of Prisons*, 1:10-CV-829,
2010 WL 3908654 (W.D. Mich. Oct. 1, 2010)........................26

*Jones v. Blanas*,
393 F.3d 918 (9th Cir. 2004) .........................................9

*Jones v. Deaconess Billings Clinic*,
366 F. App'x. 792 (9th Cir. 2010) ..................................24

*Kinney v. Rothschild*,
723 F. App'x 555 (9th Cir. 2018) ..................................24

*Kinney v. Takeuchi*,
2016 WL 4268673 n.9 (N.D. Cal. Aug. 15, 2016) ..................27

*KM Enterprises, Inc. v. Glob. Traffic Techs., Inc.*,
725 F.3d 718 (7th Cir. 2013) ......................................23

*Lawler v. Tarallo*,
C 13-03284 MEJ, 2013 WL 5755685 (N.D. Cal. Oct. 23, 2013)......................22

*Lazar v. Kroncke*,
862 F.3d 1186 (9th Cir. 2017) .....................................14

*Leroy v. Great W. United Corp.*,
443 U.S. 173 (1979)...............................................15

*Longshore v. Herzog,*
  2017 WL 237564 n.1 (W.D. Wash. Jan. 19, 2017) ............................................27

*McCoy v. Sisto,*
  CIV S-08-1104 EFB P, 2010 WL 455464 (E.D. Cal. Feb. 3, 2010) ..................13

*McGraw v. City of Huntington Beach,*
  882 F.2d 384 (9th Cir. 1989) ...............................................................................8

*Medbox Inc. v. Kaplan,*
  CV-13-00949-PHX-GMS, 2013 WL 6094577 (D. Ariz. Nov. 20, 2013).... 21, 22

*Mendoza v. Electrolux Home Products, Inc.,*
  2017 WL 5010352 n.3 (E.D. Cal. Nov. 2, 2017)...............................................27

*Milan Exp. Co., Inc. v. Applied Underwriters Captive Risk Assur. Co., Inc.,*
  993 F. Supp. 2d 846 (W.D. Tenn.) .....................................................................26

*Misenar v. McKinna,*
  210 F.3d 390, 2000 WL 313564 (10th Cir. Mar. 28, 2000) ...............................10

*Myers v. Bennett Law Offices,*
  238 F.3d 1068 (9th Cir. 2001) ...................................................................... 20, 21

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ..............................................................................19

*Nelson v. Int'l Paint Co.,*
  716 F.2d 640 (9th Cir. 1983) ................................................................................9

*Olberding v. Illinois Cent. R. Co.,*
  346 U.S. 338 (1953)............................................................................................23

*O'Connor v. Uber Techs., Inc.,*
  58 F. Supp. 3d 989 (N.D. Cal. 2014) ..................................................................11

*Paoa v. Marati,*
  2007 WL 4563938 (D. Haw. Dec. 28, 2007)............................................... 25, 27

*Pavao v. Unifund CCR Partners,*
  934 F. Supp. 2d 1238 (S.D. Cal. 2013)........................................................ 25, 27

*Payton v. Saginaw County Jail,*
  743 F. Supp. 2d 691 (E.D. Mich. 2010) .................................................. 24, 25, 26

*Paxton v. DISH Network, LLC,*
  2018 WL 1947420 n.1 (D. Or. Apr. 24, 2018) ...................................................27

*Pena v. Gardner,*
  976 F.2d 469 (9th Cir. 1992) ..............................................................................20

*Penguin Grp. (USA) Inc. v. Am. Buddha,*
  3:13–cv–00497–HU, 2013 WL 6385916 n.1 (D Or Dec. 6, 2013) ....................27

*Premier Cmty. Bank v. First Am. Title Ins. Co.,*
  2014 WL 5018814 n.1 (D. Or. Sept. 25, 2014) ..................................................27

# TABLE OF AUTHORITIES
## (continued)

Page

*Pryor v. Brennan*,
914 F.2d 921 (7th Cir. 1990) ...............................................................12

*Renteria v. Ramanlal*,
CV-07-00658-PHX-ROS, 2009 WL 73675 (Jan. 9, 2009) .................................21

*Resolute Forest Prod., Inc. v. Greenpeace Int'l*,
302 F. Supp. 3d 1005 (N.D. Cal. 2017).................................................9

*Ross v. Lane Cmty. Coll.*,
2014 WL 3783942 (D. Nev. July 31, 2014) .......................................27

*Sullivan v. Oracle Corp.*,
51 Cal.4th 1191, 127 Cal.Rptr.3d 185, 254 P.3d 237 (2011) .............................11

*Trevino v. Gates*,
99 F.3d 911 (9th Cir. 1996) ...............................................................19

*United States v. Orona-Ibarra*,
831 F.3d 867 (7th Cir. 2016) .............................................................23

*Walker v. Armco Steel Corp.*,
446 U.S. 740 (1980).........................................................................11

*Woodke v. Dahm*,
70 F.3d 983 (8th Cir. 1995) ...............................................................21

## Statutes

28 U.S.C. § 636(b), (1)(A) .............................................................. 24-26
28 U.S.C. § 1391(b)(1)-(3) ...................................................... 16, 20, 22, 23
28 U.S.C. § 1404(a) .........................................................................17
28 U.S.C. § 1406, (a) ................................................................ 14, 15
42 U.S.C. § 1983 ...................................................................... passim
Arizona Revised Statutes § 12-561(2) ....................................................4

## Rules

Fed.R.App.P. 26.1..........................................................................2

## Other Authorities

5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* §
1352..........................................................................................15

## JURISDICTIONAL STATEMENT

Appellees agree with Appellant's Jurisdictional Statement. (Doc. 8 at 6.)[1]

## STATEMENT OF THE ISSUES

1.    Did the district court correctly dismiss the remaining claims in the Second Amended Complaint as time-barred by Arizona's statute of limitations?

2.    Did the District Court for the Eastern District of California correctly transfer the Original Complaint to the District of Arizona for improper venue?

## STATEMENT OF THE CASE

At all times relevant to the allegations in the Original and Second Amended Complaint, Plaintiff/Appellant Ramon Dy was a California Department of Corrections and Rehabilitation ("CDCR") inmate incarcerated at the La Palma Correctional Center ("LPCC") in Eloy, Arizona. (ER 28.) Corrections Corporation of America ("CCA")[2] privately owns and operates LPCC. (ER 27.) Dy alleges that he was incarcerated at LPCC under the Interstate Corrections Compact ("ICC"). (ER 28.)

---

[1] "Doc." refers to this Court's docket; "Dkt" refers to the district court's docket; "ER" refers to Appellant's Excerpts of Record; and "SER" refers to Appellees' Supplemental Excerpts of Record.

[2] Corrections Corporation of America is now CoreCivic. For consistency, Defendants will refer to CCA throughout this Brief.

## A.     Original Complaint

On September 29, 2016, Dy filed a *pro se* complaint in the Eastern District of California against three individual defendants: LPCC Physician Assistant ("P.A.") Joseph Spizzirri, LPCC Physician Hegmann, M.D., and LPCC Physician Boru Nale ("Original Complaint").  (ER at 40.)  Dy alleged that they failed to adequately treat him between February and March 2013, when he presented at the LPCC medical unit for "recurring symptoms of muscle spasms and peripheral numbness." (ER at 41.)  He alleged that the symptoms worsened because they were misdiagnosed and not adequately treated despite additional visits in April and June 2013, and that Dr. Nale's recommendation for a neurological consult was not initially approved.  (ER 41.)  On October 22, 2013, Dy was seen by a neurologist, who referred him for a diagnostic MRI on November 13, 2013.  (ER 42.)  The MRI revealed a large brain tumor, and Dy received immediate surgery to remove it two days later.  (Id.)  Dy sought damages for limited mobility and future loss wages resulting from the alleged failure to timely diagnose and treat his condition.  (Id.)

Dy did not name CCA or LPCC as a defendant.  (ER 39–42.)  Nor did he allege that a deliberately indifferent policy or custom caused the allegedly deficient medical care, or that any employer should be liable for Dr. Hegmann's, P.A. Spizzirri's, or Dr. Nale's alleged conduct.  (ER 39–42.)  He also did not name Dr. Ivens as a defendant or otherwise allege any claims against him.  (Id.)

## B.    Order Transferring the Case for Improper Venue

On November 9, 2016, the Eastern District of California *sua sponte* ordered the case transferred to the District of Arizona, finding venue of the Original Complaint improper in California: "Plaintiff asserts a claim arising out of events that occurred at the La Palma Correctional Center in Eloy, Arizona. Venue is not proper in this district because both defendants and any witnesses reside in Arizona and all events relevant to this action occurred in Arizona." (ER 38.)

## C.    Second Amended Complaint

On March 6, 2017, Dy filed a Second Amended Complaint against P.A. Joseph Spizzirri, Dr. Nale, and Dr. Ivens. (ER 27, § B.) He named CCA for the first time as a Defendant, but he did not name Dr. Hegmann as a Defendant.[3] (ER 27, § B & 29.) In Count One, Dy raised an Eighth Amendment claim, pursuant to 42 U.S.C. § 1983, alleging that P.A. Spizzirri, Dr. Nale, and Dr. Ivens were each deliberately indifferent to his serious medical needs for failing to correctly diagnose and treat him as his symptoms worsened over a 10-month period between a January

---

[3] After transfer to the District of Arizona, Dy filed a First Amended Complaint alleging an Eighth Amendment claim under § 1983 against: LPCC; Scott Kernan, Secretary of Corrections for CDCR; Dr. Nale, P.A. Spizziri, and Dr. Hegmann. (SER at 12-14) He raised the exact same allegations of deliberate indifference, which did not raise any *Monell* claim or vicarious liability claim under Arizona law. (Id. at 4–6.) The District of Arizona dismissed the First Amended Complaint upon screening. (SER at 1-11) Regarding Dr. Hegmann, the district court found no allegations supporting a claim against him, and that LPCC was not a proper Defendant because it was a building. (Id. at 6 & 7.)

7, 2013 initial visit at LPCC, and a November 13, 2013 MRI in Arizona that revealed he had a large brain tumor. (ER 29 & 32–35.) He also raised a *Monell* claim pursuant to § 1983, alleging that CCA had a deliberately indifferent custom of hiring and promoting Dr. Ivens because he allegedly had been named as a defendant in dozens of other lawsuits. (ER 35.)

In Count Two, Dy alleged that P.A. Spizzirri, Dr. Nale, and Dr. Ivens, committed medical malpractice for failing to timely diagnose and treat him, in violation of Arizona Revised Statutes § 12-561(2). (ER 30 & 36.) He also alleged, for the first time, a theory of vicarious liability under Arizona tort law against CCA for their alleged medical malpractice. (ER 36.)

The district court screened the Second Amended Complaint and dismissed the § 1983 claims against Dr. Nale and CCA in Count One. (ER 21–22.) The only claim that remained against CCA was thus a vicarious liability claim for the alleged medical malpractice of Dr. Ivens, P.A. Spizzirri, and Dr. Nale. (ER 22.) Both claims against P.A. Spizzirri and the medical negligence claim against Dr. Nale also survived the screening order. (Dkt. 20 at 3.)

### D. Motion to Dismiss Second Amended Complaint

Dr. Ivens and CCA moved to dismiss the Second Amended Complaint as time-barred under Arizona's statute of limitations. (Dkt. 20 at 2 & 5.) Specifically,

they argued that the remaining § 1983 claim against Dr. Ivens was barred by Arizona's two-year statute of limitations because his claim accrued no later than November 13, 2013, when he was diagnosed with a brain tumor, and Dy did not file the Original Complaint until September 29, 2016—nearly three years later (and one year after the limitations period had expired).  (Dkt. 20 at 3, § II.A)

Defendants also argued that Dy's state medical-malpractice claims were time-barred under Arizona's medical malpractice statute.  (Id. at 3–4, § II.B.)  Defendants argued that none of Dy's claims were tolled under California Civil Procedural Code § 352.1(a) (California's tolling provision), because Arizona was the forum state and does not have a tolling statute for incarceration.  (Id. at 4–5, § II.C.)

Dy, represented by counsel, admitted that the forum's statute of limitations applied.  (Dkt. 29 at 3.)   He argued, however, that under the ICC, he retained all "legal rights" he would have had if he remained incarcerated in California.  (Id. at 4.)  Thus, he argued that the ICC allowed him to apply California's tolling provision to toll Arizona's limitations period on his claims up to four years. (Id.)

Dy additionally argued that the Eastern District of California erred in transferring venue, and therefore California is the proper forum and its laws should apply.  (Dkt. 29 at 7–9.)  Dy did not request, however, that the case be transferred back to the Eastern District of California.  (Id.)  Nor did he dispute the magistrate judge's authority to transfer the case *sua sponte*.  (Id.)

### E. Dismissal Order

The district court ruled that: (1) Dy's claims accrued on November 13, 2013, and therefore they were time-barred by Arizona's statute of limitations; and (2) venue was improper in the Eastern District of California because (a) all defendants did not reside in California, (b) the substantial events or omissions giving rise to the action all occurred at LPCC in Arizona, and (c) personal jurisdiction over any Defendant in the Eastern District of California was irrelevant because the District of Arizona was a proper venue. (ER 8–9.)

The district court rejected Dy's argument that enforcement of Arizona's statute of limitations, which does not allow for tolling of inmate claims, would deny him a fundamental right to access the court, finding that he failed to offer any legal authority to support that argument. (ER 11) The court also rejected his argument that the California tolling statute was a "legal right" within the meaning of the ICC, finding that Dy had not asserted any claim under California's substantive laws, but instead attempted to invoke a tolling provision to save his claims from Arizona law. (Id. at 12.) This appeal followed. (ER 3–4.)

## SUMMARY OF THE ARGUMENT

The district court correctly ruled that Arizona's statute of limitations barred Dy's claims in the Second Amended Complaint. Its ruling that Arizona is the forum

state for *those* claims, which were raised for the first time in the District of Arizona, was also correct.

Dy did not have a "legal right" under the ICC to invoke the California tolling provision to extend Arizona's limitations period on these claims. Neither a violation of the ICC itself, nor application of Arizona's statute of limitations, violated Dy's fundamental right to access the court. Nor does anything in California's tolling provision evince a legislative intent for it to have extraterritorial effect outside a California forum. Thus, regardless of where he was incarcerated under the ICC, Dy simply did not have a "legal right" to sue Arizona residents in an Arizona forum and take advantage of California's tolling provision.

Dy's collateral attack on the district court's order transferring the Original Complaint to the District of Arizona failed to show that California was the correct forum for *these* claims. In the Original Complaint, Dy raised only a § 1983 claim against Dr. Hegmann, P.A. Spizzirri, and Dr. Nale alleging deliberate indifference to his medical treatment at LPCC. Only the claim against P.A. Spizzirri survived. Dy did not name Dr. Hegmann in the Second Amended Complaint, and the claim against Dr. Nale was dismissed on screening. He also did not raise a state-law claim

against any Defendant under California law for medical malpractice or respondeat superior.

Nevertheless, Dy improperly filed the Original Complaint in the Eastern District of California because it was undisputed that all Defendants resided in Arizona, and that the events and omissions giving rise to his claims occurred at LPCC. Even considering Dy's allegations that he suffered damages in California, that factor alone does not alter the fact that his claims *arose and accrued* in the District of Arizona. The Eastern District of California correctly transferred the case for improper venue to the District of Arizona.

## ARGUMENT

### I. THE DISTRICT COURT CORRECTLY APPLIED ARIZONA'S STATUTE OF LIMITATIONS TO BAR DY'S CLAIMS.

#### A. Standard of Review

A district court's decision to dismiss on statute-of-limitations grounds is reviewed de novo because it involves questions of law. *Capital Tracing, Inc. v. United States*, 63 F.3d 859, 861 (9th Cir. 1995). This Court also reviews de novo whether the district court correctly applied the relevant substantive law. *McGraw v. City of Huntington Beach*, 882 F.2d 384, 387 (9th Cir. 1989).

**B.      Dy Had No Legal Right to Apply California's Tolling Provision to Extend Arizona's Statute of Limitations on His Claims.**

"In federal question cases, where, as here, a case is transferred for improper venue, the choice of law of the transferee state applies." *Resolute Forest Prod., Inc. v. Greenpeace Int'l*, 302 F. Supp. 3d 1005, 1014 (N.D. Cal. 2017) (citing *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983)). "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Dy acknowledges that this is the law. (Doc. 8 at 11.)

Here, it is undisputed that Arizona was both the transferee state (for the § 1983 claims in the Original Complaint that did not survive), as well as the forum state (for the surviving claims in the Second Amended Complaint). Because Dy failed to identify any conflict with federal law, the district court correctly applied Arizona's statute of limitations and tolling provisions to hold that Dy's claims were time-barred. The inquiry is that simple and should end there.

Dy argues, however, that he had a "legal right" as a California inmate incarcerated at LPCC under the ICC to invoke California's tolling provision. As an initial matter, this Court need not accept as true Dy's allegation that he was incarcerated at LPCC under the ICC. *See Arguenta v. Banco Mexicano, S.A.*, 87

F.3d 320, 324 (9th Cir. 1996). It was undisputed that LPCC was a private correctional facility owned and operated by CCA pursuant to an agreement with CDCR, and that CoreCivic did not sign the ICC because it is a Compact among states. (Dkt. 32 at 3-4.) As a private entity, CCA was not a "receiving state" subject to the ICC provisions, which is applicable only to a "receiving state."[4]

Nevertheless, Dy does not dispute the district court's interpretation that he was arguing the ICC conferred upon him a "legal right," as a California inmate, "to bring suit in the time periods allowed by California law, regardless of where he or the defendants were located at the time he was harmed." (ER 12.) This argument fails because "[s]tate laws which affect the tolling of a statute of limitations are generally regarded as "an integral part" of the state limitations statute." *Brennan v. Lermer Corp.*, 626 F. Supp. 926, 929 (N.D. Cal. 1986); *accord Hardin v. Straub*, 490 U.S. 536, 539 (1989) ("In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application."). Thus, Dy had no legal right to invoke

---

[4] *See, e.g., Misenar v. McKinna*, 210 F.3d 390, 2000 WL 313564, *1 (10th Cir. Mar. 28, 2000) ("[Plaintiff's] suggestion that either the Western Interstate Corrections Compact or the Interstate Corrections Compact governs his transfer is in error, as each compact governs agreements between the State of Colorado and other States, not private entities."); *see also*, *e.g.*, *Daugaard v. Baldwin*, Civ. A. 98-612-ST, 1999 WL 778585, *5 (D. Or. Sept. 19, 1999) ("Both the ICC and the WICC require that only states may be signatories to these compacts. Defendant CCA is not a state.") (internal citations omitted).

diversity jurisdiction in the District of Arizona to sue Arizona residents, only to disregard Arizona's tolling laws—which do not permit tolling for incarceration—and toll Arizona's statute of limitations under California law. *See Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53 (1980) ("There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.").

Nor is there anything in the language of California's tolling provision that shows a legislative intent for it to have extraterritorial effect beyond a California forum so as to allow a California inmate, regardless of his location, to toll the statutory time to file a claim in another state forum against that state's residents, in violation of that state's own laws. *See O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1004 (N.D. Cal. 2014) (noting that a presumption exists under California law against the extraterritorial application of state law unless the legislature has clearly expressed such an intention) (citing *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 127 Cal.Rptr.3d 185, 254 P.3d 237 (2011)). Because Dy could not have invoked California's tolling provision extraterritorially had he remained incarcerated in California, he was not actually deprived of any right he may have had under the ICC, regardless of whether it was a "legal right."

*Cooper v. Sumner*, 672 F. Supp. 1361, 1365 (D. Nev. 1987), does not instruct otherwise. There, the Nevada District Court applied Nevada's statute of limitations to hold that an inmate's claim against Nevada officials for denial of access to the court was not time-barred because it was "tolled" by his continued lack of access to legal resources to bring a habeas challenge. That the plaintiff was incarcerated in Arizona under the ICC in that case was thus irrelevant to either the statute of limitations or the tolling issue. *See id.*

Dy's other authorities are inapposite because they involve habeas petitions and/or other related claims invoking a violation of the sending state's substantive laws rather than it tolling rules or provisions or the ICC itself.[5] Unlike those cases, Dy did not claim a violation of California's tolling provision as a substantive right.

---

[5] *Cf. Hundley v. Hobbs*, 456 S.W.3d 755, 758 (Ark. 2015) (Arkansas state court had jurisdiction to determine habeas petition of Arkansas inmate incarcerated in New Jersey under the ICC to challenge the length of his sentence); *Boatwright v. Dir., Dep't of Prisons*, 849 P.2d 274, 276 (Nev. 1993) (Nevada inmate incarcerated in Arizona under Western Interstate Corrections Compact may bring habeas petition in Nevada court to assert his right to parole under Nevada law); *Barret v. Peters*, 360 P.3d 638, 641–42 (Or. App. 2015) (Oregon inmate incarcerated in Florida under ICC may bring habeas petition in Oregon state court to claim that the conditions of his incarceration in Florida violated the Oregon Constitution); *see also cf. Cf. Pryor v. Brennan*, 914 F.2d 921, 927 (7th Cir. 1990) (D.C. inmates incarcerated in a federal prison entitled to accumulate good-time credits under D.C. law); *Jackson v. D.C.*, 89 F. Supp. 2d 48, 55 (D.D.C. 2000), *vacated in part,* 254 F.3d 262 (D.C. Cir. 2001) (D.C. inmates incarcerated in Virginia could bring habeas claim challenging constitutionality of grooming policy).

Dy also argued in the district court that the "legal right" he was asserting was "more properly characterized as Plaintiff's fundamental right of access to courts."[6] (Dkt. 29 at 6)  This Court rejected a similar argument in *Ghana v. Pearce*, 159 F.3d 1206, 1209 (9th Cir. 1998).  In *Ghana*, a New Jersey inmate incarcerated at an Oregon state prison under the ICC was disciplined according to Oregon's rules and regulations instead of New Jersey's rules and regulations.  *Id.* at 1207.  The inmate sued Oregon officials claiming, under the same Article IV of the ICC, that his incarceration in Oregon did not deprive him of any legal right he would have had if he remained incarcerated in New Jersey, so disciplining him under Oregon's procedures violated the ICC and his right to due process.  *Id.* at 1208.  In dismissing that claim, this Court held that "a violation of the ICC cannot be the basis for a section 1983 action" because "it is not federal law and does not create a constitutionally protected liberty interest."  *Id.*

Likewise here, Dy incorrectly cites the same ICC provision to argue his incarceration at LPCC in Arizona should not deprive him of his fundamental "legal right" to access the court in Arizona by applying California's tolling provision. (Dkt. 29 at 6.)  He has no such "legal right" under the ICC.

---

[6] The district court held that limiting the statutory time period in which Dy could initiate his claims did "not equate with a denial of access to the courts," and noted that Dy provided no legal authority to support the contrary position.  (ER 11, citing, e.g., *McCoy v. Sisto*, CIV S-08-1104 EFB P, 2010 WL 455464, at *1 (E.D. Cal. Feb. 3, 2010).)  Dy does not challenge this ruling on appeal.

Dy argues for the first time on appeal that California's tolling provision should be treated like some other "prisoner bill of rights" statute enacted in 1975 to repeal the medieval doctrine of "civil death" of inmate claims. (Doc. 8 at 15.) Dy also argues for the first time on appeal that "[t]here is no principled reason to consider statutory tolling in a different light as equitable tolling." (Id. at 16.) He has waived these arguments by failing to raise them in the district court. (ER 12 ["Arizona does not provide for tolling due to incarceration and Plaintiff makes no other argument that equitable tolling should apply to his claim."]) *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010) ("These arguments are raised for the first time on appeal, and because they were never argued before the district court, we deem them waived."); *see also Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) (finding challenge of court's equitable authority waived as raised for the first time on appeal).

## II. THE EASTERN DISTRICT OF CALIFORNIA CORRECTLY TRANSFERRED THE CASE FOR IMPROPER VENUE.

### A. Standard of Review

This Court reviews a district court's transfer order under 28 U.S.C. § 1406 for an abuse of discretion. *See Lazar v. Kroncke*, 862 F.3d 1186, 1193 (9th Cir. 2017). When deciding venue, the pleadings need not be accepted as true, and the district court may consider facts outside the pleadings. *Arguenta*, 87 F.3d at 324.

**B.    Venue Was Improper in the Eastern District of California.**

In opposing transfer for improper venue, the plaintiff has the burden of establishing that venue was "proper in the district in which the suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1352 (3d ed.) ("[I]t is plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue."). This is because the venue statutes are "intended to protect a defendant from being forced to defend in an unfair or inconvenient forum." *Leroy v. Great W. United Corp.,* 443 U.S. 173, 183–84 (1979); *accord Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 64 n.7 (2013) (explaining a plaintiff's preference of forum exists only within the confines of the venue statute).

If a case is filed in the wrong venue, the district court must either dismiss the case or, if it is in the interest of justice, transfer it "to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). In a civil case, venue is generally proper in a district court if it is:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Stated differently, venue would have been proper in the Eastern District of California only if the Original Complaint alleged that: (1) all of the defendants resided in California; (2) a substantial part of the events or omissions giving rise to the claim arose in the Eastern District of California; or (3) it had personal jurisdiction over any defendant—provided, however, no other district court had proper venue based on the defendants' residency or the location where a substantial part of the events or omissions giving rise to the claim arose. *Id.*

Here, venue was improper in the Eastern District of California because Dy raised a single Eighth Amendment claim against Dr. Hegmann, P.A. Spizzirri, and Dr. Nale for treatment they provided him during his incarceration at LPCC. (ER 37–8.) It was undisputed that all three defendants were Arizona residents, and all alleged events and omissions giving rise to their medical care occurred in the District of Arizona, where LPCC is located. *See* 28 U.S.C. § 1391(b)(1) and (2). Because venue for that claim was proper in the District of Arizona under § 1391(b)(1) and (2), it did not matter whether the Eastern District of California had personal jurisdiction over any defendant under § 1391(b)(3).

16

Thus, the Eastern District of California correctly concluded that it was the wrong venue for Dy to file the Original Complaint. (ER 38.)[7] *See*, *e.g.*, *Costlow*, 790 F.2d at 1488 ("The Costlows concede that all of the defendants reside in Alaska. Although they argue that their claim arose in the state of Washington, virtually all of the activity providing the basis of the complaint took place in Alaska. The district court properly concluded, therefore, that it lacked venue over the case.").

Dy argues, however, that because he filed the Original Complaint *pro se,* it should be "broadly construed" to add two missing elements that he believes would have conferred proper venue in the Eastern District of California: (1) a claim for medical negligence under California law in addition to the § 1983 claim; and (2) CCA as a defendant because "La Palma Correctional Center" appeared in the

---

[7] Even assuming that venue in the Eastern District was proper for the Original Complaint, the district court would have had discretion to *sua sponte* transfer venue for convenience to the District of Arizona under 28 U.S.C. § 1404(a), because it was undisputed that all the defendants, the events or omissions which gave rise to his § 1983 claim, as well as the witnesses and the institutional and medical records, were located at LPCC in Arizona. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Dy acknowledged this in his response to the motion to dismiss. (Dkt. 29 at 9, "Nevertheless, the Eastern District Magistrate Judge could still have transferred the case to Arizona under 28 U.S.C. §1404(a) for the convenience of Defendants and some witnesses.") This Court may affirm the transfer on this alternative ground because it is supported by the record. *See Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir. 1995) ("We may affirm on any ground supported by the record, even if it differs from the rationale of the district court.").

caption. Accepting these arguments requires a tortured reading of the complaint and disregarding relevant portions of the record.

The civil cover sheet to the Original Complaint—which is omitted from Dy's Excerpts of Record—shows that Dy asserted "Federal Question" jurisdiction and a single cause of action alleging deliberate indifference under § 1983. (SER at 18) In the section for "Nature of the Suit," Dy selected "Civil Rights," purposefully leaving blank the box for "Personal Injury-Medical Malpractice." (Id.) In the section regarding his requested relief, Dy wrote a demand for $1,200,000.00, indicating "No" for a jury trial. (Id.). This civil cover sheet shows that Dy understood the nature of his claim, the basis of the district court's jurisdiction, and the type of relief he desired, communicating precisely to the district court that he was raising a single claim under § 1983 for deliberate indifference against these three individual defendants only. (*Id.*)

Dy's argument that the Original Complaint named LPCC as a defendant in the caption is also inaccurate. The caption actually states: "La Palma Correctional Center – Boru Nale, M.D.; Joseph Spizzirri, P.A.; Dr. Hegmann, M.D.," indicating only that Dr. Nale, P.A. Spizzirri, and Dr. Hegmann were medical providers at LPCC. (ER 39.) Dy makes this clear in "Section III. Defendants," where he names *only* these three defendants and identified them as medical providers who worked at LPCC. (ER40, Section III.A–C.) He left no ambiguity, numbering Dr. Hegmann as

defendant ①, and P.A. Spizzirri and Dr. Nale as additional defendants ② and ③. (*Id.*) He did not name LPCC or CCA as a fourth defendant. (*Id.*) Nor is CCA mentioned anywhere in the Original Complaint. (ER 39–40.)

Moreover, Dy did not state any claim that would suggest he intended to hold either LPCC or CCA liable for the alleged deliberate indifference by those three named defendants. The Statement of the Claim section made specific allegations against only them. (ER 41.) Noticeably absent are any allegations against anyone else, much less sufficient allegations to support a claim against LPCC or CCA for deliberate indifference under *Monell*, or respondeat superior liability against CCA under California law. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *modified on other grounds by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) (holding that absent a formal policy, a claim against an entity must be based on "a longstanding practice or custom which is standard operating procedure," and that ["[t]he custom must be so persistent and widespread that it constitutes a permanent and well settled city policy").

Indeed, it was not until Dy filed his Second Amended Complaint in the District of Arizona that he first named CCA as a Defendant, claiming it had an unconstitutional custom or practice of hiring and promoting Dr. Ivens, allegedly knowing that he had been involved in "[a]t least 30 claims" of inadequate medical care in Michigan and Delaware. (ER 27, 35.) He also raised a medical malpractice

claim against Dr. Ivens, P.A. Spizzirri, and Dr. Nale, and a respondeat superior claim against CCA. (ER 30, 36.) Dy filed the Second Amended Complaint pro se.

This record shows that Dy was capable of articulating his claims *pro se*, thus obviating the need to engage in any speculation about who else he might have intended to include as a defendant—but did not name—and what other claims he might have intended to include under state law—but did not allege. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992) (holding "a liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled").

Even assuming that the Original Complaint had named CCA and raised medical-negligence claims under California law, venue would still have been improper in the Eastern District of California because it would not have changed the fact that: (1) all Defendants resided in Arizona; (2) a substantial part of the omissions or acts giving rise to the claims occurred at LPCC in the District of Arizona; and (3) the District of Arizona was a proper venue, so personal jurisdiction over CCA or Dr. Ivens would have been irrelevant. *See* 28 U.S.C. § 1391(b)(1)–(3).

Dy incorrectly argues that venue was proper in the Eastern District of California under § 1391(b)(2), because he allegedly continued to suffer damages there *after* his claims arose. Dy misplaces reliance on *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075–76 (9th Cir. 2001), to support this argument.

In *Myers*, two Nevada residents sued a Utah law firm, alleging it violated Nevada consumer protection laws by ordering their credit report for an improper purpose in a prior debt-collection action. *Id.* at 1072. Noting that "the locus of the injury" is a *relevant* factor, this Court found that venue was proper in Nevada because the nature of their claim was "akin to invasion of privacy," and a substantial part of the events giving rise that *injury* occurred in Nevada. *Id.* at 1076. Although it referred to the "harms" the plaintiffs felt in Nevada, its use of quotation marks around the word "harms" shows that it was not addressing damages, but rather the injury that gave rise to the claim.

Unlike the plaintiffs in *Myers* who were in Nevada when the injury giving rise to their *claim* occurred, Dy was not in California when his alleged *injury* occurred. He was at LPCC in Arizona. That he allegedly suffered damages in California *after* his claims arose does not alter the analysis or result. *See, e.g.*, *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) ("[T]he fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district.").[8]

---

[8] *See also, e.g., Renteria v. Ramanlal*, CV-07-00658-PHX-ROS, 2009 WL 73675 (Jan. 9, 2009) ("The 'events or omissions' inquiry focuses on 'relevant activities of the defendant, not of the plaintiff.'") (quoting *Woodke v. Dahm,* 70 F.3d 983, 985 (8th Cir. 1995)); *see also, e.g., Medbox Inc. v. Kaplan,* CV-13-00949-PHX-GMS, 2013 WL 6094577, at *3 (D. Ariz. Nov. 20, 2013) ("[T]he statute directs the Court to consider 'events or omissions' and not impact.") (citing *Myers,* 238 F.3d at 1076).

Indeed, Dy concedes on appeal that his claims *accrued* on November 13, 2013, when he received the MRI. Because the MRI was performed in Arizona, it logically follows that the substantial portion of his claims also *arose* in Arizona. But even considering Dy's alleged damages in California afterward, that factor alone was insufficient to outweigh the overwhelming factors that show his claims both *accrued and arose* in Arizona. *See*, *e.g.*, *Lawler v. Tarallo*, C 13-03284 MEJ, 2013 WL 5755685, at *4 (N.D. Cal. Oct. 23, 2013) ("[T]he fact that Plaintiff may have incurred damages in California—even if a relevant factor—is not enough, standing alone, to demonstrate that a substantial part of the events giving rise to his claims occurred in this District.").

The district court thus correctly held that venue of the § 1983 claims alleged in the Original Complaint was improper in the Eastern District of California. Any finding to the contrary on this record would effectively reduce the "substantial events or omissions giving rise to the claim" language in § 1391(b)(2), into a minimum-contacts test for personal jurisdiction. *See Medbox Inc.*, 2013 WL 6094577, at *3 ("[I]f the locus of the injury was the sole and decisive factor, then the personal jurisdiction and venue inquiries would meld into one minimum-contacts test. Plaintiff's home forum would always win, and that is not the law. The law specifies a different line of inquiry for personal jurisdiction (minimum contacts) and venue (whether "a substantial part of the events or omissions" occurred in the forum

state).") (internal citations omitted). The untenable result would be to render the personal jurisdiction test under § 1391(b)(3) controlling of venue in every case, even though that paragraph plainly and unambiguously states that personal jurisdiction comes into play only if no other district has proper venue based on the defendant's residency or the location where the claims arose under (b)(1) and (2). *See Olberding v. Illinois Cent. R. Co.,* 346 U.S. 338, 340 (1953). ("The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction."); *KM Enterprises, Inc. v. Glob. Traffic Techs., Inc*., 725 F.3d 718, 729 (7th Cir. 2013) ("Interpretations that render words of a statute superfluous are disfavored as a general matter . . . ."); *see also*, *e.g.*, *United States v. Orona-Ibarra*, 831 F.3d 867, 874 (7th Cir. 2016) (refusing interpretation of criminal statute in a manner that "would read all limitations on venue out of the statute") (quotation omitted).[9]

---

[9] A remand to the Eastern District of California would be futile because only the § 1983 claim in the Original Complaint against P.A. Spizzirri survived. Dy also does not challenge the ruling dismissing the § 1983 claim against CCA. (ER 27, 29, 35.) Thus, although the § 1983 claim against Dr. Ivens also survived screening of the Second Amended Complaint, he was not a defendant in the Original Complaint. If not improper in the Eastern District of California, venue of that claim is obviously more convenient in the District of Arizona under § 1404. *See* discussion *supra* n.7.

## III. DY WAIVED ANY CHALLENGE TO THE MAGISTRATE JUDGE'S AUTHORITY TO TRANSFER THE CASE.

Dy contends for the first time on appeal that the magistrate judge lacked the authority to transfer venue without the parties' prior consent because it effectively disposed of his case. Dy did not raise this issue in the district court, so it is waived. *See, e.g., Jones v. Deaconess Billings Clinic*, 366 F. App'x. 792 (9th Cir. 2010) (challenge of non-dispositive magistrate judge order denying transfer forfeited because it was not raised in the district court).

Waiver aside, the argument fails because the district court has the authority to determine venue sua sponte. *See Costlow*, 790 F.2d at 1488 ("In the absence of a waiver, we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion."). And a magistrate judge's transfer order is non-dispositive and interlocutory in nature because they do not resolve the merits. *See Kinney v. Rothschild*, 723 F. App'x 555, 556 (9th Cir. 2018) ("We reject as meritless Kinney's contention that the magistrate judge lacked authority to transfer this case and to enter *other interlocutory orders*. *See* 28 U.S.C. § 636(b)(1)(A).") (emphasis added).

This Court should decline Dy's invitation to follow *Payton v. Saginaw County Jail*, 743 F. Supp. 2d 691 (E.D. Mich. 2010), which analogized a motion to transfer venue to a motion to remand, because it did not apply the same functional-approach test that this Court adopted in *Flam v. Flam*, 788 F.3d 1043, 1046–47 (9th Cir. 2015).

In *Flam*, this Court held that an order granting a motion to *remand* is "dispositive insofar as proceeding in the federal courts are concerned," explaining "such an order preclusively determines the important point that there will not be a federal forum available to entertain a particular dispute." *Id.* at 1047 (quotation omitted). It reasoned that remand orders possess all the "important elements of finality, at least with respect to federal court proceedings, because [they] put the parties 'effectively out of *federal* court'" and "the effect of a remand order is to end all federal proceedings." *Id.* (alteration in original and quotation omitted).

Unlike a motion to remand, a magistrate judge's order "[g]ranting a motion to transfer venue does not terminate a case within the federal court system. Instead, it simply results in a transfer to another district court." *Paoa v. Marati*, 2007 WL 4563938, at *2 (D. Haw. Dec. 28, 2007). Also unlike a motion to remand, merely transferring venue to another district court does not address, much less, dispose of the merits of any claims. *See Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013) (holding that transferring venue "is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)"). Indeed, another district court has criticized *Payton*'s holding for these same reasons. *See D'Amato v. ECHL, Inc.*, 13CV646S, 2015 WL 2151825, at *3 (W.D.N.Y. May 7, 2015) ("[U]nlike the analogized remand motion, the motion to change venue does not end federal court jurisdiction. A transfer of venue keeps

the case open and within the federal judiciary, but merely moves the action from one district to another; sometimes within the same district from one division to another . . . . While the transferor court loses that case upon the grant of a motion to transfer venue, the case remains viable within the federal system in the new venue, with no adjudication of the federal court's jurisdiction or the merits of any defense or claim. This Court rejects the reasoning of the Eastern District of Michigan in *Payton* and its analogy to the jurisdiction revoking motion to remand.").

It is no wonder, therefore, that numerous other courts in the *same* Eastern District of Michigan decline to follow *Payton*. *See Horacek v. Heyns*, CIV.A. 14-13545, 2015 WL 799540, at *3 n.1 (E.D. Mich. Feb. 25, 2015) ("Numerous courts in this District have found that motions to change venue are non-dispositive because they do not address the merits of the parties' claims and should proceed by order rather than report and recommendation.") (collecting cases). And other district courts in that circuit still cannot agree on the issue. *See also Jackson v. Fed. Bureau of Prisons*, 1:10-CV-829, 2010 WL 3908654, at *1 (W.D. Mich. Oct. 1, 2010) ("Under 28 U.S.C. 636(b), a magistrate judge may be assigned to hear and decide any nondispositive matter."); *Milan Exp. Co., Inc. v. Applied Underwriters Captive Risk Assur. Co., Inc.,* 993 F. Supp. 2d 846, 850–51 (W.D. Tenn.), *vacated and remanded on other grounds*, 590 F. App'x. 482 (6th Cir. 2014) (noting "no controlling authority" in the Sixth Circuit).

In stark contrast, the Ninth Circuit's district courts have consistently held, as in *Pavao*, that a magistrate judge has authority to transfer venue because it is a non-dispositive issue, even after *Flam*.[10] These Ninth Circuit decisions remain faithful to *Flam*'s functional approach. This Court should find that the magistrate judge's order transferring venue in this case was a non-dispositive order.

---

[10] *See, e.g., Kinney v. Takeuchi*, 2016 WL 4268673, at *1 n.9 (N.D. Cal. Aug. 15, 2016) ("Although Mr. Kinney has not consented to magistrate-judge jurisdiction, the court may decide this non-dispositive motion to transfer venue."); *see also*, *e.g.*, *Paxton v. DISH Network, LLC*, 2018 WL 1947420, at *1 n.1 (D. Or. Apr. 24, 2018) (magistrate judge has authority to transfer venue because it is non-dispositive and does not address merits); *Mendoza v. Electrolux Home Products, Inc.*, 2017 WL 5010352, at *11 n.3 (E.D. Cal. Nov. 2, 2017) (same); *Longshore v. Herzog*, 2017 WL 237564, at *1 n.1 (W.D. Wash. Jan. 19, 2017) (same); *Cantley v. Radiancy, Inc.*, 2016 WL 4191889, at *6 n.1 (E.D. Cal. Aug. 8, 2016) (same); *Haynes v. World Wrestling Ent't, Inc.*, 2015 WL 3905281, at *2 (D. Or. June 25, 2015), *aff'd, Haynes v. World Wrestling Entm't, Inc.*, 2015 WL 4542526 (D. Or. July 27, 2015) (same); *Encore D.E.C., LLC v. APRES1 I, LLC*, 2014 WL 12576650, at *1 n.1 (D. Or. Dec. 22, 2014) (same); *Premier Cmty. Bank v. First Am. Title Ins. Co.*, 2014 WL 5018814, at *1 n.1 (D. Or. Sept. 25, 2014) (same); *Ross v. Lane Cmty. Coll.*, 2014 WL 3783942, at *4 (D. Nev. July 31, 2014) (same); *Penguin Grp. (USA) Inc. v. Am. Buddha,* 3:13–cv–00497–HU, 2013 WL 6385916, at *1 n.1 (D Or Dec. 6, 2013) (same); *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 n.1 (S.D. Cal. 2013) (same); *Corrinet v. Burke*, 6:11-cv-06416-TC, 2012 WL 1952658, at *6 (D. Or. Apr. 30, 2012) (same); *Dorrah v. Deerbrook Ins. Co.*, 2011 WL 13244942, at *2 (D. Or. Dec. 20, 2011) (same); *Paoa v. Marati*, 2007 WL 4563938, at *2 (D. Haw. Dec. 28, 2007) (same); *Dunn & Fenley, LLC v. Diederich*, 06-6243-TC, 2010 WL 11595950, at *2 (D. Or. Jan. 13, 2010) (same).

# CONCLUSION

For these reasons, this Court should affirm.

RESPECTFULLY SUBMITTED this _3rd_ day of December, 2018.

Struck Love Bojanowski & Acedo, Plc

By    s/ Kevin L. Nguyen
        Daniel P. Struck, #012377
        Kevin L. Nguyen, #027870
        Struck Love Bojanowski & Acedo, Plc
        3100 West Ray Road, , Suite 300
        Chandler, Arizona  85226
        (480) 420-1600
        dstruck@strucklove.com
        knguyen@strucklove.com

        Attorneys for Defendants-Appellees Nale, Spizziri, Ivens, and Corrections Corporation of America

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:  This brief contains 7,107 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iiii)

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: This brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010:  14 point Times New Roman

DATED this  3rd  day of December, 2018.

STRUCK LOVE BOJANOWSKI & ACEDO, PLC


By   s/ Kevin L. Nguyen
     Daniel P. Struck, #012377
     Kevin L. Nguyen, #027870
     STRUCK LOVE BOJANOWSKI & ACEDO, PLC
     3100 West Ray Road, , Suite 300
     Chandler, Arizona  85226
     (480) 420-1600
     dstruck@strucklove.com
     knguyen@strucklove.com

Attorneys for Defendants-Appellees Nale, Spizziri, Ivens, and Corrections Corporation of America

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

> Carter C. White
> UC Davis Civil Rights Clinic
> One Shields Avenue, Bldg. TB-30
> Davis, CA 95616-8821
>
> Counsel for Plaintiff-Appellant

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed TWO copies of the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants

> N/A

s/     Kevin L. Nguyen

## STATEMENT OF RELATED CASES

Appellees are unaware of any related cases pending in the Ninth Circuit Court of Appeals.

[3525004]